Hill Design v. Hodgdon, et al.        CV-03-074-M   09/02/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Hill Design, Inc.,
     Plaintiffs

     v.                                     Civil No. 03-74-M
                                            Opinion No. 2003 DNH 151
Vivian Hodgdon; Art in
Cooking, Inc.; Patricia
Carpenter; and  The Garden
Shed, LLC,
     Defendants


                           O R D E R


     In his second Report (document no. 36), the Magistrate Judge

again recommends granting in part, and denying in part

plaintiff's request for injunctive relief.  Specifically, the

Magistrate Judge recommends that "Defendants not be enjoined from

selling items from the Helen Ross Inventory to fill outstanding

contracts pre-dating April 11, 2002, or BROWN BAG items that

Hodgdon made lawfully at the Hill facility under an oral

agreement with the Natkiels."  In other words, the Magistrate

Judge recommends enjoining defendants only from selling items

from the Helen Ross inventory to fill orders placed after April

11, 2002.[1]  For the reasons given below, the Magistrate Judge's Report and Recommendation is accepted.

The Magistrate Judge's recommendation to enjoin only prospective sales of items from the Helen Ross inventory is appropriate, given that the record supports a finding that before April 11, 2002, Paul Natkiel directed customers to Hodgdon, and authorized Hodgdon to fill their orders from the Helen Ross inventory.  Because Natkiel authorized Hodgdon to fill orders from the Helen Ross inventory, plaintiff is unlikely to succeed on its claim that defendants infringed its distribution right by using the Helen Ross inventory to fill orders directed to Hodgdon by Natkiel.  Moreover, as the Magistrate Judge correctly pointed out, to enjoin Hodgdon from using the Helen Ross inventory to fill orders placed prior to April 11 could potentially expose her to liability for breach of contract, for doing nothing more than

_____

[1] This recommendation is, of course, in addition to the Magistrate Judge's previous recommendation that defendants be enjoined from suggesting or implying an ongoing business relationship with plaintiff and from obscuring or obstructing plaintiff's copyright notices.  That part of the Magistrate Judge's previous Report and Recommendation was not remanded by this court's order of May 27, 2002 (document no. 33), and is hereby accepted.

accepting orders at Paul Natkiel's direction.  Such a result would be inequitable.

It is also unlikely that plaintiff will succeed on the merits of a copyright infringement claim based upon defendants' sales of the items Hodgdon made at the Hill facility.  The facts found support the Magistrate's conclusion that Hodgdon was the lawful owner of those copies, not merely the possessor of them, which distinguishes this case from Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847 (2d Cir. 1963).  In Platt & Munk, the defendant printing company attempted to sell copies of plaintiff's copyrighted educational toys, produced for plaintiff by defendant, after plaintiff rejected them as defective.  Id. at 850.  Here, by contrast, Hodgdon not only supplied the materials (and electricity) to make the copies in question, but did so under the authority of defendant and/or the Natkiels, and with their express permission to distribute those copies, in exchange for royalties.  While Hodgdon may well owe royalties for the copies she sold, or may sell in the future, that matter is separate and distinct from her right to sell them.

Because the Magistrate Judge correctly determined that plaintiff has little likelihood of success on its claims that defendants infringed its copyrights by distributing items from the Helen Ross inventory to fill orders placed before April 11, 2002, or by distributing the items that Hodgdon made at the Hill facility, the Magistrate Judge's Report and Recommendation (document no. 36) is accepted and adopted.

Pending a final determination on the merits in this case, Vivian Hodgdon and Art In Cooking, Inc., together with their agents, affiliates, subsidiaries and any person in active concert with or participation with them, are hereby enjoined and restrained from suggesting or implying that they have an ongoing business relationship with plaintiff unless expressly authorized to do so in writing, and are enjoined and restrained from obstructing or obscuring plaintiff's copyright notice in connection with the sale, promotion, advertising, or offering of items made by Vivian Hodgdon at the Hill facility, or obtained by Hodgdon through other sources. Those same parties are also enjoined and restrained from selling items from the Helen Ross inventory to fill contracts post-dating April 11, 2002, but are

4

<u>not</u> enjoined or restrained from selling items from the Helen Ross inventory to fill outstanding contracts pre-dating April 11, 2002, and are <u>not</u> enjoined or restrained from selling BROWN BAG items that Hodgdon made lawfully at the Hill facility under an oral agreement with the Natkiels.

       **SO ORDERED.**

                       _____
                       Steven J. McAuliffe
                       United States District Judge

September 2, 2003

cc:  David P. Eby, Esq.
     Garfield B. Goodrum, Jr., Esq.
     Vivian Hodgdon